

ORDERED in the Southern District of Florida on November 16, 2012.

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: ) | Case No. 11-19278-BKC-RAM |
| ) | |
| AARON ELKIN, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

### MEMORANDUM OPINION AND ORDER
### OVERRULING OBJECTION TO CLAIM OF ARLENE WEXLER, ESQ.

The Court conducted a hearing on July 12, 2012 on the Debtor in Possession's Objection to Claim of Arlene Wexler, Esq. (the "Objection to Claim")[1] [DE #59]. Arlene Wexler, Esq. ("Wexler") was counsel to Andrea Labis ("Labis"), the mother of

---

[1] Docket Entry #59 is an objection to four distinct claims. By Order dated July 16, 2012 [DE #80], the Court addressed each of the four claims, indicating it is taking Elkin's objection to Wexler's Claim under advisement. This Memorandum Opinion and Order and the capitalized term "Objection to Claim" deal strictly with the Debtor's Objection to Wexler's Claim and have no bearing on any of the other claims subject of Docket Entry #59.

the Debtor's child, in a protracted child custody dispute styled *Elkin v. Labis*, Index No. 105411/08 (the "State Court Case"), which action is still pending in the Supreme Court, County of New York (the "State Court"). Aaron Elkin ("Elkin"), the Debtor, and Labis were not and are not married.

In a proof of claim filed with the Court, Wexler asserts a $75,000 priority unsecured claim (the "Claim") for attorney fees incurred in connection with her representation of Labis. The Claim is based on a Decision and Order in the State Court Case dated February 15, 2011 and entered on March 17, 2011 (the "Fee Order") [DE #70, pp.22-24]. The Fee Order is a three-page decision awarding $75,000 in attorney fees to Labis, which the State Court ordered the Debtor to pay to Wexler by April 1, 2011.

The Debtor did not pay the award and filed his chapter 11 petition in this case on April 6, 2011. Postpetition, on April 8, 2011, the State Court entered what is titled as a Short-Form Order restating the same relief contained in the Fee Order. According to Wexler, the Debtor filed appeals from the Fee Order and Short-Form Order but those appeals were not perfected and have been dismissed. Wexler's assertion was not challenged by the Debtor in his Reply or at the July 12th hearing, and therefore, the Court finds that the Fee Order is final.[2]

Wexler contends her Claim is entitled to priority treatment under § 507(a)(1) of the Bankruptcy Code because it is a domestic support obligation ("DSO") within

---

[2] In his Objection to Claim, the Debtor argues that the fee award is void because the Short-Form Order was entered postpetition. He also argues that the amount of fees awarded was unreasonable. Both of these objections are overruled. The Fee Order entered prepetition fixed the amount of the Claim and its reasonableness has been determined, with finality, by the State Court.

2

the meaning of § 101(14A) of the Bankruptcy Code.  Elkin objects to both the amount of the Claim and classification of the Claim as a priority claim.

The Court has considered the record, including the Claim, the Objection to Claim, Wexler's Response in Opposition to Debtor's Objection to Claim ("Wexler's Response") [DE #70], and Debtor's Reply to [Wexler's Response] [DE #77].  The Court also has considered the exhibits to Wexler's Response, which include Wexler's fee agreement with Labis (the "Retainer Agreement"), the Fee Order, the Short-Form Order, and Confession of Judgment, each of which will be discussed more fully later in this Opinion.  Finally, the Court has considered the arguments of counsel presented at the July 12, 2012 hearing and has reviewed applicable law.  For the reasons that follow, the Court finds the Claim qualifies as a DSO entitled to first priority treatment under 11 U.S.C. § 507(a)(1).  Therefore, the Objection to Claim will be overruled.

## ANALYSIS

A DSO is defined in § 101(14A) as

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
> (A) owed to or recoverable by--
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
> (i) a separation agreement, divorce decree, or property settlement agreement;
> (ii) an order of a court of record; or
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A) (2012).  Congress afforded DSOs special treatment under the Bankruptcy Code by excepting DSOs from discharge under § 523(a)(5) and entitling DSOs to distribution above all other claims as first priority administrative claims under § 507(a)(1).  Because both § 507(a)(1) claim-priority disputes and § 523(a)(5) actions for a determination that a claim is nondischargeable are predicated on whether the claim at issue is a DSO, case law from both types of matters is instructive.

Elkin contends Wexler's Claim is not a DSO.  Because the attorney fee award is payable directly to Wexler, Elkin argues the debt is not owed to Labis, his child's parent.  Were the Court to find the debt is owed to Labis, Elkin argues the Claim is not a DSO because Labis is not his spouse or former spouse.  Lastly, Elkin argues the Claim is not in the nature of support of Labis or of his child.

The Court finds all of Elkin's arguments unpersuasive.

<u>The Claim is a debt owed to "a parent of the Debtor's child" as those terms are used in the definition of a DSO.</u>

4

Recognizing there is a split in the case law regarding whether an attorney's fee award payable directly to the attorney is a debt owed to a parent of the Debtor's child, the Court finds the majority position to be more persuasive and holds the Claim is a debt owed to Labis. *See In re Tepera*, No. 11-80477-G3-13, 2012 WL 439257 (Bankr. S.D. Tx. Feb. 9, 2012) (collecting cases and siding with majority); *In re Rogowski*, 462 B.R. 435, 440-444 (Bankr. E.D.N.Y. 2011) (collecting cases and siding with majority); *see also Simon, Schindler & Sandberg, LLP v. Gentilini (In re Gentilini)*, 365 B.R. 251 (Bankr. S.D. Fla. 2007) (a judgment for attorney fees awarded in connection with a divorce proceeding and payable to a former spouse's counsel is a nondischargeable debt due to a former spouse under § 523(a)(5)); *Wiggins v. Wilson (In re Wilson)*, 380 B.R. 49 (Bankr. M.D. Fla. 2006) (a judgment for attorney fees awarded in connection with a custody and support proceeding and payable to the mother's counsel is a nondischargeable debt due to a child of the Debtor under § 523(a)(5)).

In *Gentilini*, this Court specifically addressed the issue of fee awards made payable directly to counsel and stated that "[t]his Court agrees with those cases which apply § 523(a)(5) to third[-]party debts if the debt was in the nature of support and the former spouse would be impacted by discharging the debt." 365 B.R. at 255. That is the situation here. The Retainer Agreement signed by Labis obligates Labis to pay all fees incurred by Wexler. [DE #70, Ex. "A," pp.10-16]. Moreover, Labis executed an Affidavit of Confession of Judgment on November 29, 2011 authorizing an entry of judgment in favor of Wexler for legal services in the

5

amount of $85,320.01. Thus, the record is clear that Labis, the parent of the Debtor's child and a protected party under § 507(a)(1), would be liable to pay Wexler the $75,000 if the Claim is not paid in this bankruptcy case. Therefore, the Court finds that the Claim can and should be treated as a debt to Labis.

The fact that Elkin and Labis were and are unmarried is irrelevant. Section 507(a)(1) confers priority status on "[a]llowed unsecured claims for domestic support obligations that . . . are owed to or recoverable by a . . . child of the debtor, *or such child's parent.*" 11 U.S.C. § 507(a)(1) (emphasis added); *see also Rugiero v. DiNardo (In re Rugiero),* Case No. 11-2639, 2012 WL 4800059 at *2 (6th Cir. Oct. 10, 2012) ("Nothing in the statute requires the 'child's parent' to be married at the time of the award or indeed ever to have been married to the other parent."). Because Labis is a parent of the Debtor's child, the Claim satisfies the payee requirement of § 507(a)(1).

*<u>The Claim is a debt in the nature of support of Labis or the child.</u>*

The final issue is whether the Claim is "in the nature of support" within the meaning of § 101(14A). Eleventh Circuit precedent makes clear the bankruptcy court's inquiry is limited to determining "whether an obligation can legitimately be characterized as support." *Harrell v. Sharp (In re Harrell)*, 754 F.2d 902, 904-05 (11th Cir. 1985). "This inquiry will usually take the form of deciding whether the obligation was in the nature of support as opposed to being in the nature of a property settlement." *Id.* At 907. The bankruptcy court's analysis is governed by application of federal law. *Id.* at 906; *Strickland v. Shannon (In re Strickland)*, 90

6

F.3d 444, 446 (11th Cir. 1996). However, state law may provide some guidance. *Strickland* at 446 (citing *In re Jones*, 9 F.3d 878, 880 (10th Cir. 1993)).

Most courts have found claims for attorney's fees incurred in connection with child custody litigation are DSOs. *See, e.g., Rugiero v. DiNardo (In re Rugiero)*, Case No. 11-2639, 2012 WL 4800059 at *2 (6th Cir. Oct. 10, 2012) (citing cases from the First, Second, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuit Court of Appeals in which the courts treated fee awards as "support"); *Rogers v. Morin (In re Rogers)*, 189 Fed. Appx. 299 (5th Cir. 2006) (fee award from a custody determination in a divorce proceeding is in the nature of support); *Stark v. Bishop (In re Bishop)*, 149 F.3d 1167 (4th Cir. 1998) (fees of an attorney ad litem appointed by the court to make a child custody recommendation are in the nature of support). The Tenth Circuit's reasoning, with which this Court agrees, was summarized in a bankruptcy court decision as follows:

> Attorney fees and costs assessed in custody and visitation disputes are *presumed* to be in the nature of support of the child whose custody is at issue. *See Jones,* 9 F.3d at 882.[3] *Accord Lowther v. Lowther (In re Lowther),* 321 F.3d 946, 948 (10th Cir.2002); *Miller v. Gentry (In re Miller),* 55 F.3d 1487, 1489 (10th Cir.1995). "Since determination of child custody is essential to the child's proper 'support,' attorney fees incurred and awarded in child custody litigation should likewise be considered as obligations for 'support,' at least in the absence of clear indication of special circumstances to the contrary." *Jones,* 9 F.3d at 881, *citing Holtz v. Poe (In re Poe),* 118 B .R. 809, 812 (Bankr.N.D.Okla.1990). In *Jones,* the Tenth Circuit specifically rejected the proposition that "the bankruptcy court must look at the purpose behind the custody action and examine whether that action was held in order to determine the best interests of the child." *Id.* at 881. In the Tenth's Circuit's view, "in all custody actions, the court's ultimate goal is the welfare of the child." *Id.* "Consequently, court-ordered attorney's fees arising from ... custody actions are deemed in

7

the nature of support under § 523(a)(5) as being incurred on behalf of the child."

*Dobbs v. Loehrs (In re Loehrs)*, Adversary No. 06-1211-R, 2007 WL 188364 (Bankr. N.D. Okla. Jan. 22, 2007).

In this case, the record indicates the Claim is a DSO. The fact that the Claim is comprised entirely of child custody litigation fees is undisputed. Nevertheless, the Debtor argues that the Claim is for fees awarded as a sanction rather than for support. *See, e.g., In re Lopez*, 405 B.R. 382 (Bankr. S.D. Fla. 2009) (attorney fees award in a dissolution proceeding is not in the nature of support where the family court specifically held that the award "is based upon and supported by the bad faith litigation misconduct of the former Wife, and is not based upon the respective wages or ability of the parties to pay"); *In re Spence*, No. 02-12093-BKC-AJC, 2009 WL 3483741 (Bankr. S.D. Fla. Oct. 26, 2009) (attorney fees and costs awarded in a sanctions order entered against a debtor for litigation misconduct are not in the nature of support). The Court agrees with the reasoning of those cases but they simply do not apply here.

The State Court reviewed the financial condition of Labis and the Debtor and specifically found that the Debtor "clearly has the higher earning potential." Fee Order, p.1 [DE #70, p.22]. Moreover, the Fee Order cited to New York Domestic Relations Law § 237(b), which the State Court described as a statute "designed to redress economic disparity between the parties." Fee Order, p.2 [DE #70, p.23]. The State Court also noted that "[i]n determining whether to award counsel fees, the Court must evaluate the respective financial circumstances of the parties and the

value of the services rendered." *Id.* In sum, the record establishes that the $75,000 in fees awarded in the Fee Order was awarded based on need, not as a sanction.

The law is clear in this Circuit that where an attorney fees award is based on financial need, it is in the nature of support. *In re Strickland* at 447 ("[A]n attorney fees award arising from a post-dissolution custody action constitutes 'support' for the former spouse . . . where . . . the award is based on ability to pay."); *see also In re Rogowski*, 462 B.R. 435, 440-444 (Bankr. E.D.N.Y. 2011) (In a divorce action where an attorney fees award is based on demonstrated financial need and could not be a property settlement because there is no marital estate, the attorney fees award is a DSO.). In sum, because the Claim is based on financial need, it is in the nature of "support."

For the foregoing reasons, it is –

**ORDERED** that the Objection to Claim is overruled. Claim Number 1, filed by Wexler in this case, is allowed in the amount of $75,000 and is entitled to priority treatment under § 507(a)(1).

###

Copies to:
Joel M. Aresty, Esq. (counsel for Debtor)
Dana R. Quick, Esq. (counsel for Wexler)